UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TOSHIANA SLACK, ) <br> INDIVIDUALLY AND ON BEHALF ) <br> OF OTHERS ) <br> ) <br>     Plaintiff(s), ) <br> ) <br> V. ) <br> ) <br> XCESS, INC., JASON ENGLISH ) <br> ) <br>     Defendants. ) <br> ) <br> ) | CASE NO. 3:19-CV-0160 <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND

### I.    SUMMARY

1.    Defendant Xcess, Inc. d/b/a Xcess Gentlemen's Club, and Jason English (hereafter "Defendants") required and/or permitted Toshiana Slack and others similarly situated (hereafter "Plaintiff" or "Plaintiffs" when referring to the putative FLSA Class) to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate them whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons.

2.    Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

3.    Defendants purposefully misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them at the federally mandated minimum wage rate.

4.    Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage provision, and Defendants' practice of charging house fees and dividing tips also

1

violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

5. Defendants owe Plaintiffs minimum wages, misappropriated funds (house fees), misappropriated tips, liquidated damages, attorney's fees, and costs.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III.   PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Toshiana Slack is an individual who at the time of the events giving rise to this lawsuit, resided in in Evansville, Indiana. Her consent to this action is attached as Exhibit A.

9. Opt-In Plaintiffs are those who are similarly situated to Plaintiff and who will file a valid opt in consent to join this action after notice of the collective action.

10. Xcess, Inc., doing business as Xcess Gentlemen's Club, is an Indiana corporation. This Defendant may be served with process by serving its registered agent Jason English at 201-B South Fulton Ave., Evansville, Indiana, 47708.

11. Jason English is the President of Xcess, Inc., and the manager of Xcess Gentlemen's Club and may be served with process at 201-B South Fulton Avenue, Evansville Indiana, 47708, or wherever he may be found.

12. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Indiana and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

13. Defendants have and continue to have systematic contacts with the State of Indiana sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Indiana by operating a successful club near Evansville. Defendants also employ workers and contract with residents and businesses in Indiana.

14. This cause of action arose from or relates to the contacts of Defendants with Indiana residents, thereby conferring specific jurisdiction over Defendants.

## IV.     FLSA COVERAGE

15. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

19. Individual owner/manager Jason English is an employer under the FLSA because he 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, 3) determines the rate and method of payment, and 4) is the individual responsible for maintaining employment records.

20. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V.     FACTS

21. Defendants operate an adult entertainment club in Indiana, under the name of "Xcess Gentlemen's Club" (hereafter "Xcess").

22. Plaintiffs are currently employed or previously employed exotic dancers at Defendants' adult entertainment club during the statutory time period afforded under the FLSA.

23.     Plaintiffs worked on a regular basis for Defendants' gentlemen's establishment.

24.     Toshiana Slack worked at Xcess for approximately 16-20 hours a week. She worked from at least the beginning of her statutory period in August 2016 until May 2019.

25.     From August 2016 to the end of 2018, she worked between 6-8 hours per shift and worked 2 shifts on the weekends per week consistently.

26.     In 2019, she worked between 4-6 hours a week, usually on the weekends.

27.     Plaintiff Slack never received any wages during her employment with the club.

28.     As an illustrative example, during the second workweek in August 2016, Slack worked at Xcess as a dancer at the Club after being permitted to or invited to work there and was not paid the federal minimum wage. This happened during every workweek she actually worked from August 2016 until she left in 2019.

29.     Similarly, Opt-In Plaintiffs did not work a single hour at the club where they were paid the federally mandated minimum wage of $7.25 an hour.

30.     In fact, Plaintiff Slack and the FLSA Class paid to work at the club! Plaintiffs were illegally classified by Defendants as independent contractors who "leased" the premises and therefore actually paid the club "rent" to dance at the club.

31.     On at least one occasion during the statutory period, Plaintiffs left the club with negative earnings, that is, they made less than what they paid in "rental fees" to dance at the club.

32.     Plaintiffs were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at the establishment.

19.     Defendants also required Plaintiffs to share their tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and the "house moms."

20.     Defendants also took a portion of Plaintiffs' tips after Plaintiffs performed dancers for customers. These amounts were not recorded in the club's gross sales receipts and

were not distributed back to dancers. As alleged, no wages were provided to dancers.

21. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiffs were employees of Defendants.

22. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

23. The following non-exhaustive list further demonstrates the dancers' status as employees:

    a. Defendants forced Plaintiffs to pay a house fees to dance in the club – Plaintiff Slack paid $50 to dance at the club in 2016 and 2017, and paid $70 to dance in 2018;

    b. Defendants created an incentive to arrive early, the "rental" fee went up every hour;

    c. Defendants made the decision not to pay wages or overtime;

    d. Defendants set the price for private dances at the club and kept a portion of the dance revenues for themselves;

    e. Defendants provided Plaintiffs with music, poles, stages, and extensive lighting, and the dancers simply danced;

    f. Defendants mandated that Plaintiffs pay managers, DJs, door men, and security "escorts" a tip from Plaintiffs' own earnings;

    g. Defendants required dancers to work 3 days a week minimum;

    h. Defendants required Plaintiffs to pay a fine (called an "off schedule" fine) if they missed their minimum weekly shifts;

    i. Plaintiff, because she worked weekends was subjected to the "off schedule fine";

    j. The club signed in and signed out the dancers every shift;

    k. The club required Plaintiff Slack and Class Members to dance to two songs per shift minimum on stage in order to incentivize patrons to spend

     money;

  l. Defendants auditioned the dancers but did not provide training, the main consideration was attractiveness of the dancer;

  m. Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

  n. Defendants employed Plaintiff and Class Members for several months if not years at one time;

  o. Plaintiffs constituted the workforce without which Defendants could not perform their services;

  p. Plaintiffs' services were integrated into Defendants' operations, i.e. customers came to the club to see Plaintiffs dance.

24. Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

25. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

26. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

### VI. CAUSES OF ACTION

**COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE (COLLECTIVE ACTION)**

33. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

34. Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

35. Defendants unlawfully charged Plaintiffs rent to dance and took tips and wages from them in violation of the Fair Labor Standard Act's minimum wage provision.

36. Because they paid no wages, Defendants violated the law.

37. Additionally, Defendants took tips and wages from Plaintiffs unlawfully. This violates the FLSA because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

38. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

## VII. COLLECTIVE AND CLASS ALLEGATIONS

### A. FLSA Class Members

39. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

40. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at Xcess Gentlemen's Club. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

41. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

42. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

43. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage.

44. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

45. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

46. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

47. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

48. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

49. As such, Plaintiff bring their FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII.  DAMAGES SOUGHT

50. Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

51. Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them, tips taken from dance performances, and any additional wages owed.

52. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

53. Plaintiffs are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully request that judgment be entered in their favor awarding the following relief: All unpaid wages at the FLSA mandated minimum wage rate; All misappropriated money; An equal amount of wages as liquidated damages as allowed under the FLSA; Prejudgment and post-judgment interest on unpaid back wages under the FLSA;

Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; Such other and further relief to which Plaintiffs may be entitled, at law or in equity.

        Respectfully submitted,
        KENNEDY HODGES, L.L.P.

        By: /s/ Gabriel A. Assaad
        Gabriel A. Assaad
        Texas Bar No. 24076189
        **Pro Hac Vice Forthcoming*
        gassaad@kennedyhodges.com
        David W. Hodges
        Texas Bar No. 00796765
        **Pro Hac Vice Forthcoming*
        dhodges@kennedyhodges.com
        4409 Montrose Blvd., Suite 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        Respectfully Submitted,


        */s/ Ryan P. Sink*
        Ryan P. Sink
        Fox Williams & Sink, LLC
        6177 North College Avenue
        Indianapolis, IN 46220

        317-254-8500
        rsink@fwslegal.com

        ATTORNEYS FOR PLAINTIFFS